UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **KEVIN THOMAS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )   **CAUSE NO. 1:06-CV-00401** |
| | ) |
| **SELECT PORTFOLIO SERVICING INC.,** | ) |
| **et. al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## OPINION AND ORDER

Before the Court is a motion for appointment of counsel (Docket # 47) filed by *pro se* Plaintiff Kevin Thomas, in a case in which he seeks four million dollars ($4,000,000) against various defendants under 42 U.S.C. § 1983 as well as other federal and state statutes. In response to his motion, the Court instructed Thomas to submit a Questionnaire for Appointment of Counsel (Docket # 48), which included the requirement that he provide the names of at least three attorneys he contacted and the reasons they refused to take his case.

On his completed Questionnaire (Docket # 52), Thomas represents that he has consulted with attorney Don James, but that he needs more time to secure an attorney due to "financial limitations." (*See* Questionnaire for Appointment of Counsel ¶ 6.) In that regard, we are not sure what Thomas is referring to given that he apparently believes that this is a multi-million dollar lawsuit, which if true, is something that would be attractive to almost any attorney. Moreover, Thomas has had over 19 months since initiating this lawsuit to secure an attorney, more than enough time by any measure.

Accordingly, we are left with Thomas' failure to meet the threshold requirement that he at least approach three attorneys for representation, a failure that is fatal to his request for

appointment of counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) ("If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."); *see also Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) ("In determining whether to appoint counsel for an indigent plaintiff . . ., a court must 'first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful . . . .'") (quoting *Jackson*, 953 F.2d at 1073)).

Therefore, Thomas' motion for appointment of counsel (Docket # 47) is DENIED.

Enter for this 18th day of July, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge