**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **KEVIN THOMAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )     **CAUSE NO. 1:06-CV-00401** |
| | ) |
| **SELECT PORTFOLIO SERVICING INC.,** | ) |
| **et. al.,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Before the Court is a Motion to Compel (DE# 77) filed by Defendants, Bank of America and Select Portfolio Servicing, Inc., seeking to compel the *pro se* Plaintiff to serve Federal Rule 26(a)(1)(A) disclosures.[1]

The Defendants asset that the Plaintiff's disclosures are overdue because the Report of the Parties' Planning Meeting (DE# 62) provided for the service of initial disclosures by September 10, 2008. The Report, however, was not signed by the Plaintiff, nor was it ever made an order of the Court. In fact, at the August 13, 2008, scheduling conference, the Court merely established deadlines for the amendment of any pleadings and imposed discovery and dispositive motion deadlines.

Ordinarily, the fact that the Court did not order disclosures by a certain date would not be an impediment to such a deadline because Federal Rule of Civil Procedure 26(a)(1)(C) provides that in the absence of a stipulation or court order, disclosures are due within 14 days of the

---

[1] In this case, the Plaintiff, Kevin Thomas, is seeking four million dollars ($4,000,000) from the various defendants under 42 U.S.C. § 1983 as well as other federal and state statutes.

parties' Rule 26(f) conference.[2] The problem for the Defendants in this instance, however, is that there never was such a conference as the Report clearly reveals in its first paragraph. (see Report of Parties' Planning Meeting ¶ 1 )("Defendants' counsel have yet to have a Rule 26(f) conference with Plaintiff, who is appearing *pro se*.")

Fairly stated then, under these rather unusual procedural circumstances, the Defendants' Motion to Compel under Federal Rule of Civil Procedure 37(a)(3)(A) must be denied because the Plaintiff's disclosures are not even due yet. To advance this case, however, the Court will now establish a deadline for all parties to serve and file their Rule 26(a)(1) disclosures.[3]

Accordingly, the Motion to Compel (DE# 77) is DENIED. In accordance with Federal Rule of Civil Procedure 26(a)(1)(A), the parties are to file and serve their initial disclosures on or before February 12, 2009. The Clerk is directed to send a copy of Rule 26 to the Plaintiff at his last known address. The Plaintiff is directed to note that the disclosures due on February 12, 2009, are those listed in subparagraphs (i)(ii)(iii) and (iv) of Rule 26(a)(1)(A).

Enter for this 29th day of January, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[2] This case is not exempt from the Rule 26(a)(1)(A) disclosure requirement. see Fed. R. Civ. P. 26(a)(1)(B). Moreover, no one suggested at the scheduling conference "that initial disclosures are not appropriate in this action . . . [.] " see Fed. R. Civ. P. 26(a)(1)(C).

[3] Local Rule 26.2(e) provides that "[i]n *pro se* litigation, all discovery shall be filed." N.D. Ind. L.R. 26.2(e).